IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>2524 41ST LLC,<br><br>              Debtor. | Chapter 11<br>Case No. 23-10643-EMH<br><br>Hearing Date: July 10, 2023, 2:00 p.m.<br>Objections due by: June 23, 2023, 4:00 p.m. |

### WCP FUND I LLC'S MOTION TO TRANSFER VENUE TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA

WCP Fund I LLC in its capacity as servicer for 1Sharpe Opportunity Intermediate Trust ("WCP"), a creditor herein, by and through undersigned counsel, pursuant to Section 1412 of Title 28 of the United States Code and Federal Rule of Bankruptcy Procedure 1014, and moves this Honorable Court to transfer the venue of the above-captioned matter to the United States Bankruptcy Court for the District of Columbia, and in support thereof states as follows:

**I.  Introduction**

1.  This is a single asset real estate case[1] concerning an eponymous parcel of real property in the District of Columbia, where the sole member of the debtor 2524 41st LLC (the "Debtor") resides in the District of Columbia suburbs, where this proceeding was filed hours before a foreclosure sale was to be carried out in

---

[1] WCP intends to file a motion seeking to have this case declared a single asset real estate case, given that all criteria of such appear to be satisfied *sub judice*, but is refraining from doing so until such a time as the venue-centric issues raised herein can be properly addressed and adjudicated.

the District of Columbia, where the promissory note underlying the Debtor's obligations to WCP was executed in the District of Columbia suburbs, where WCP's business is based in the District of Columbia and its surrounding suburbs, where the Debtor's law firm has a robust presence in the District of Columbia, and where there is no nexus to the District of Delaware aside from the Debtor and WCP both being non-resident citizens of the state. The interests of justice favor the instant bankruptcy being transferred to the United States Bankruptcy Court for the District of Columbia,[2] and the convenience of the parties would be equally served by such a transfer of venue.

2.      To be sure, WCP has palpable respect for this Honorable Court and does not question–in any form or to any degree–that the instant case may be fairly and efficiently managed in this judicial district. But WCP believes the District of Columbia to be a more appropriate venue because (i) a transfer will minimize the incursion of legal fees attendant to WCP's participation in this case; (ii) a transfer will place this case in the hands of a court that is intimately familiar with the neighborhood in which the Debtor's titular asset (the "Property") is located; (iii) should this case be converted to Chapter 7, or should a Chapter 11 trustee be

---

[2] By law, a transfer would technically be to the United States District Court for the District of Columbia. 28 U.S.C. § 1412. By standing rule, however, that court would automatically refer the matter to the United States Bankruptcy Court for the District of Columbia. *See* D.D.C. Local Rule 5011-1(a) ("Pursuant to 28 U.S.C § 157(a), all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges of this District").

Document    Page 3 of 10

appointed, a transfer will ensure such trustee is experienced in selling real estate assets in the District of Columbia; and (iv) a transfer will not work any harm or prejudice upon the Debtor.

3. For these reasons, and as expounded upon *infra*, it is respectfully suggested the instant proceeding be transferred to the United States Bankruptcy Court for the District of Columbia.

**II.    Standard**

4. The transfer of venue in a bankruptcy proceeding is governed by Title 28 of the United States Code, which allows, *inter alia*, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

5. The Federal Rules of Bankruptcy Procedure, in turn, expound upon the manner in which a request to change venue is to be addressed:

> If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(1).

6. This Honorable Court has traditionally applied a disjunctive four-to-six prong analysis in considering motions to transfer venue:

(1) proximity of creditors of every kind to the court;

(2) proximity of the debtor;

(3) proximity of witnesses who are necessary to the administration of the estate;

(4) the location of the debtor's assets;

(5) the economic administration of the estate; and

(6) the necessity for ancillary administration in the event of liquidation.

*In re Innovative Commc'n Co., LLC*, 358 B.R. 120, 126 (Bankr. D.Del. 2006) (quoting *Matter of Commonwealth Oil Ref. Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979)). *See also In re Qualteq, Inc.*, 2012 WL 527669, at *5 (Bankr. D. Del. 2012) (delineating the same factors); *In re Safety-Kleen Corp.*, 2001 WL 1820321, at *2 (Bankr. D.Del. Aug. 27, 2001) (applying a slightly-modified four factor analysis).

**III. Argument: The District of Columbia is a Preferable Venue**

7. Examining both the broad statutory and rules-based criteria, as well as the more specific factors delineated in *Innovative Commc'n*, it is apparent this case is most properly administered in the District of Columbia. Such a venue is not only contextually sensible, but a review of the creditor base herein at least suggests some possible gamesmanship in selecting this Honorable Court as the instant forum. Transferring venue is thus well warranted under governing law and will ably advance the interests of justice *sub judice*.

8. As to the first *Innovative Commc'n Co.* factor, it appears every single creditor herein is more proximately situated to the District of Columbia. WCP has its principal place of business in Northern Virginia, within the Washington, DC suburbs. The other creditors thus-far disclosed by the Debtor are (i) the District of Columbia Office of Tax and Revenue, which is, of course, situated in the District of Columbia; (ii) the District of Columbia Department of Building, also familiarly found in the District of Columbia; (iii) an architect based in Crofton, Maryland (a suburb of the District of Columbia); (iv) an engineering firm in Falls Church, Virginia (the same suburb in which WCP is headquartered); and (v) one unsecured creditor in South Carolina whose claim is probably small enough that it would not be expected to get involved in the case. *See* Official Form 204, D.I. 1, at p. 10. Not a single entity or person on the mailing matrix herein has an address in Delaware and, to the contrary, the overwhelming majority have addresses either in the District of Columbia or in the immediate suburbs of that locale. *See* D.I. 1 at p.12.

9. In examining the second criterion, the Debtor is, too, based in the District of Columbia, having listed its principal place of business as being at 2524 41st Street, NW, Washington, DC 20007. *See* Voluntary Petition for Non-Individuals Filing for Bankruptcy, D.I. 1, at p.1. The Debtor's mailing address is listed as being in Ashburn, Virginia–a suburb of Washington, DC. *Id.*

10. Vis-à-vis the third prong, the most likely witnesses to be called to testify in connection with this case are (i) agents of WCP; and (ii) the Debtor's lone member. As noted *supra*, WCP is headquartered in the suburbs of the District of Columbia, regularly conducting business in the city itself. The Debtor's lone member and principal, meanwhile, is a domiciliary of the Commonwealth of Virginia, with his home being in the suburbs of Washington, DC. *See* Driver's License of James Cullen Smith, attached hereto as **Exhibit A**.[3] The Debtor also advised the Court at the May 18, 2023 status conference in this case that the Debtor intends to conduct construction on the Property during this case, so any appraisers, contractors, and experts that might be called to testify about construction upon or the value of the Property are likely to be in or near the District of Columbia as well.

11. The "location of the debtor's assets" is perhaps the most obvious indicator of the preferability of venue in the District of Columbia: the Debtor is a single asset real estate company with its namesake property being in the northwest quadrant of Washington, DC. *See* Deed, attached hereto as **Exhibit B**.

12. The fifth factor is the "economic administration of the estate." This weighs equally on the financial impact this case will have on the Debtor and its

---

[3] The driver's license number, Mr. Smith's date of birth, and Mr. Smith's home address have both been redacted, with Mr. Smith's home city, state and zip code being left visible, in the interests of preserving Mr. Smith's privacy.

creditors, with any impact on WCP being, in turn, an impact on the Debtor inasmuch as legal fees incurred by WCP in connection with enforcement and protection of its rights are secured by the Property. This element is accordingly properly addressed in two parts, with the economic interests of other parties, who have not yet appeared, being unknown at this time (aside from the broad observation that parties in Washington, DC and its suburbs are almost assuredly less likely to be economically burdened by a case in the District of Columbia).

13. As for the Debtor, the company's proposed counsel herein is Whiteford, Taylor & Preston LLC ("WTP"), a regional law firm whose attorneys regularly appear in the United States Bankruptcy Court for the District of Columbia and who, indeed, are amongst that court's most prolific Chapter 11 attorneys. When this case was filed, it was Brent Strickland, a WTP attorney based in the Washington, DC suburbs, who sent notice of this case to counsel for WCP. *See* E-mail to May 16, 2023, attached hereto as **Exhibit C**.[4] It is accordingly evident that the Debtor can proceed with this case, in just as economically efficient a manner, in the District of Columbia, and will not have to so much as change law

---

[4] The e-mail has been redacted to mask settlement discussions had prior to the filing date. The settlement discussions do *not* concern this Debtor or the Property but, rather, another company under common control with the Debtor's principal, Mr. Smith, that also sought bankruptcy relief on the same day. The other company filed in the United States Bankruptcy Court for the District of Columbia, where its proposed counsel is WTP. *See In re 5703 9th, LLC*, Case No. 23-131-ELG (Bankr. D.D.C. 2023). Notably, WCP's District of Columbia bankruptcy counsel is copied on the subject e-mail.

firms (or even, likely, operative attorneys managing the case) if the case is transferred.

14. WCP has been represented by The VerStandig Law Firm, LLC ("VLF") in bankruptcy proceedings for several years. WCP and its related parties are regularly creditors, as their business model is in the nature of asset-based lending and it is not uncommon for borrowers to seek bankruptcy relief on the eve of a foreclosure. VLF is the only law firm that has represented WCP in bankruptcy proceedings in numerous years and, courtesy of the size of WCP and correlative quantity of such proceedings, has developed an efficient and synergistic manner for the handling of such cases. VLF's principal attorney is counsel in approximately 31 cases presently pending in the United States Bankruptcy Court for the District of Columbia (many of which do not involve WCP) and is accordingly already present in that court on most hearing dates, thus sparing WCP from incurring a large portion of fees that would otherwise be incurred in connection with travel time and waiting for cases to be called. Moreover, if this proceeding were pending in the District of Columbia, WCP would not have to incur the additional cost of Delaware counsel.

15. As noted above, the fees incurred by WCP are ultimately an obligation of the Debtor herein, by virtue of the governing loan documents and § 506(b) of the Bankruptcy Code; both WCP and the Debtor's estate will therefore

benefit from a minimization of those fees. And transferring this case to the District of Columbia will realize such a minimization of fees.

16. The final consideration is "the necessity for ancillary administration in the event of liquidation," which appears to be immaterial. WCP recognizes that no ancillary administration would be necessary in the event of liquidation, as this Honorable Court certainly enjoys jurisdiction sufficient to oversee the sale of a real estate asset in Washington, DC. It does bear notation, however, that if this case is converted to Chapter 7, the panel of trustees in the District of Columbia is comprised of four persons who all have decades of experience selling real property in the nation's capital, coupled with enduring connections to local realtors and brokers. The District of Columbia trustees are intimately familiar with the idiosyncrasies of local real estate laws (including the District's unique laws governing the rights of tenants), the sometimes-peculiar manner in which tax levies can be imposed and challenged, and the market trends surrounding the city's various neighborhoods.

17. An examination of the factors enumerated in Title 28 of the United States Code, Federal Rule of Bankruptcy Procedure 1014, and Judge Sontchi's holding in *Innovative Commc'n Co.* strongly militate in favor of transferring venue, while not a single factor appears to support maintenance of this case in its instant forum.

WHEREFORE, WCP respectfully prays this Honorable Court transfer the venue of the above-captioned proceeding to the United States District Court for the District of Columbia, and for such other and further relief as may be just and proper.

Dated: May 22, 2023
       Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

 /s/ **Adam Hiller**
Adam Hiller (DE No. 4105)
300 Delaware Ave., Ste 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

-and-

Maurice VerStandig, Esquire
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
(301) 444-4600
mac@mbvesq.com

*Attorneys for WCP Fund I LLC and 1Sharpe Opportunity Intermediate Trust*