Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-188-ELG |
| | ) | (Chapter 11) |
| 2524 41ST LLC | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO
<u>PROPERTY LOCATED AT 2524 41ST STREET, NW, WASHINGTON, DC 20007</u>**

Comes now WCP Fund I LLC as servicer for 1Sharpe Opportunity Intermediate Trust ("WCP" or the "Secured Creditor"), by and through undersigned counsel, pursuant to the allowances of Section 362(d) of Title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, and moves this Honorable Court for relief from the automatic stay set forth in Section 362 of Title 11 of the United States Code (the "Automatic Stay") so as to permit foreclosure of the real property commonly known 2524 41st Street, NW, Washington, DC 20007 (the "Property") pursuant to that certain deed of trust recorded in favor of WCP on November 24, 2021 (the "Deed of Trust"), and in support thereof state as follows:

I.      **Introduction**

This appears to be an undesignated single asset real estate case where 2524 41st LLC (the "Debtor") is delinquent in the payment of real estate taxes, has permitted a water/sewer lien to accrue on its eponymous real estate, and has not sought leave to make adequate protection

1

payments to WCP. Meanwhile, the Debtor's valuation of the Property renders the parcel and its improvements worth less than the sum due and owing to WCP (even without accounting for the now-senior tax and water/sewer liens), and the Debtor has made no apparent progress toward reorganization during its first month and a half in bankruptcy.

Without any equity in the Property, there is no utility in converting this matter to a proceeding under Chapter 7 (even though the non-payment of taxes, ongoing diminution of the estate, and absence of a reasonable likelihood of reorganization would all well support such a motion). And all parties in interest will thusly well benefit from an orderly and properly-promoted sale of the Property, at foreclosure, which, in turn, will (i) permit the payment of at least *some* secured obligations of the Debtor; (ii) relieve the estate of the administrative obligations attendant to the care and maintenance of the Property; and (iii) allow the Debtor's affairs to be wound up in an orderly and expedient fashion.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged WCP be afforded relief from the Automatic Stay to foreclosure upon the Property.

**II.    Core Facts**

1.    The Debtor's only assets are comprised of (i) the Property; and (ii) $500.00 in cash. *See* Schedule A/B: Assets – Real and Personal Property, DE #14, at pp. 2-4.

2.    The Property has a tax-assessed value of $1,662,690.00. *See* Tax Bill, attached hereto as Exhibit A.

3.    The Debtor has scheduled the Property as being worth $1,500,000.00 – slightly less than the tax-assessed value. *See* Schedule A/B: Assets – Real and Personal Property, DE #14, at p. 3.

2

4. On November 17, 2021, the Debtor borrowed from WCP the sum of $2,187,000.00 (the "WCP Loan"). *See* Promissory Note, attached hereto as Exhibit B.

5. The WCP Loan is secured by the Deed of Trust. *See* Deed of Trust, attached hereto as Exhibit C.

6. The Property is additionally encumbered by unpaid taxes and interest in the amount of $23,633.90, which has led to the Debtor receiving a Final Notice Before Tax Sale from the District of Columbia. *See* Tax Bill, attached hereto as Exhibit D; Tax Sale Notice, attached hereto as Exhibit E.

7. The Debtor has also failed to pay certain water and sewer bills correlative to its ownership of the Property, resulting in a lien in favor of the District of Columbia Water and Sewer Authority being affixed to the Property, in the sum of $1,995.00. *See* Water/Sewer Lien, attached hereto as Exhibit F.[1]

8. The Debtor has failed to repay its debt to WCP and, as of May 16, 2023, was justly indebted to WCP in the amount of $2,099,509.49 (the "Petition Date Debt"). *See* Payoff Statement, attached hereto as Exhibit G.

9. The Petition Date Debt has accrued interest at a per diem of $1,055.42, resulting in an additional $64,380.62 of interest. *Id.*

10. The total debt due and owing to WCP – exclusive of attorneys' fees incurred since May 16, 2023 – is presently $2,163,890.11. *Id.*

---

[1] WCP is aware that the water/sewer lien was recorded post-petition, an act that may accordingly be at odds with the mandates of the Automatic Stay and, thusly, void in nature. *See, e.g., In re Rothenberg*, 173 B.R. 4, 14 (Bankr. D.D.C. 1994) ("This court agrees with the approach taken in *Siciliano* and holds that actions taken in violation of the automatic stay are void unless the court grants an annulment of the stay under section 362(d)"). Since the District of Columbia Water and Sewer Authority is not scheduled as a creditor herein, however, it is unclear how that entity would have been on notice of the pendency of this case.

11. On May 16, 2023, the Debtor filed a petition for Chapter 11 relief, pursuant to Section 301 of Title 11 of the United States Code, in the United States Bankruptcy Court for the District of Delaware. *See* Voluntary Petition for Non-Individuals Filing for Bankruptcy, DE #1.

12. On July 10, 2023, the United States Bankruptcy Court for the District of Delaware entered an order – subsequently amended on July 14, 2023 – transferring this case to this Honorable Court. *See* Order, DE #30; Order, DE #33.

### III. Standard

Title 11 of the United States Code (the "Bankruptcy Code") provides various grounds upon which a creditor may be afforded relief from the Automatic Stay including, *inter alia*:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

### IV. Argument: Stay Relief is Appropriate

The Debtor is not paying property taxes, water/sewer bills, or its secured lender. Meanwhile, the Property is – by the Debtor's own admission – worth a sum well less than what was due to WCP at the beginning of this case, with the deficiency increasing by the day. And, more than a month and a half into this case, the Debtor is showing absolutely no outward signs of being able to defy the laws of economics in such a way that will leave its estate in an administratively-solvent position.

This Honorable Court has recently held stay relief to be appropriate where "There is no equity in the property, and the debtor is not making any payments toward the debt." *In re Quinteros*, 2019 WL 5874609, at *7 (Bankr. D. D.C. 2019). Further, "Courts have previously held

4

that a failure to make payments on a loan, 'coupled with a small or nonexistent equity cushion' was a basis for a finding of lack of adequate protection and therefore, cause to lift the stay." *In re Coffey*, 595 B.R. 501, 504 (Bankr. D. S.C. 2018) (quoting *In re Nattchase Assocs. Ltd. P'ship*, 178 B.R. 409, 416 (Bankr. E.D. Va. 1994); citing *In re James River Assocs.*, 148 B.R. 790, 797 (E.D. Va. 1992)).

Here, and as noted *supra*, there is no equity in the Property. No adequate protection payments are being made to WCP. And, in light of the unpaid taxes and water/sewer bills, the secured lender's "lien position is being eroded from above…" *In re Cong. 819, LLC*, 2013 WL 1333465, at *9 (Bankr. D.D.C. 2013). This is simply not a tenable posture, and it is one that grows worse – to the tune of $1,055.42 – with every passing day.

These simple considerations provide more-than-adequate "cause" for relief from the Automatic Stay, per the provisions of Section 362 of the Bankruptcy Code and the holdings of the *Quinteros* and *Coffey* courts, together with their authorities and progeny. This is not a case that serves any ongoing purpose other than the frustration of WCP's bargained-for contractual rights, and it is accordingly appropriate – for reasons grounded in law an equity alike – to permit WCP to now exercise those contractual rights.

**V.   Local Rule 4001-1(b)(5) Statement**

Pursuant to Local Rule 4001-1(b)(5), WCP notes that for purposes of this Motion – and solely for purposes of this motion – WCP accepts the Debtor's valuation of the Property as being worth $1,500,000.00. *See* Schedule A/B: Assets – Real and Personal Property, DE #14, at p. 3.

**VI.   Conclusion**

WHEREFORE, WCP respectfully prays this Honorable Court (i) grant relief from the Automatic Stay so as to proceed with foreclosure of the Property through the Deed of Trust; (ii)

permit WCP to retain the proceeds of a foreclosure auction, without accounting to this Honorable Court for the same, to the extent such proceeds are used (a) to pay senior governmental and utility liens; and (b) to satisfy the First Deed of Trust; and (iii) afford such other and further relief as may be just and proper.

                                                    Respectfully submitted,

Dated: July 16, 2023                      By: /s/ Maurice B. VerStandig
                                                    Maurice B. VerStandig, Esq.
                                                    Bar No. MD18071
                                                    The VerStandig Law Firm, LLC
                                                    1452 W. Horizon Ridge Pkwy, #665
                                                    Henderson, Nevada 89012
                                                    Phone: (301) 444-4600
                                                    Facsimile: (301) 444-4600
                                                    mac@mbvesq.com
                                                    *Counsel for WCP Fund I LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of July, 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to all persons registered to receive electronic notice herein, and, on the 17th day of July, 2023, via US Mail, postage prepaid, upon:

    Stephen Brett Gerald, Esq.
    Whiteford, Taylor & Preston, LLP
    600 N. King Street
    Suite 300
    Wilmington, DE 19801
    *Counsel for the Debtor*

    2524 41st LLC
    2524 41 St, NW
    Washington, DC 20007
    *Debtor*

District of Columbia
Office of Tax and Revenue
1101 4th St SW
Washington, DC 20024
*Rule 1007(d) Creditor*

Benucci Financial Group LLC
4237 Spring Island
Okatie, SC 29909
*Rule 1007(d) Creditor*

Nicholas Jung/NSJ LLC
2819 Bargate Ct
Crofton, MD 21114
*Rule 1007(d) Creditor*

Arcill Engineering
929 West Broad St #249
Falls Church, VA 22046
*Rule 1007(d) Creditor*

District of Columbia Department of Building
1100 4th St SW
Washington, DC 20024
*Rule 1007(d) Creditor*

I FURTHER CERTIFY that given this case being recently transferred from the United States Bankruptcy Court for the District of Delaware, and it not appearing that counsel for the Debtor is receiving notices via CM/ECF, a copy of this motion is also being sent via e-mail, to Stephen Brett Gerald, Esq., at sgerald@whitefordlaw.com.

/s/ Maurice B. VerStandig
Maurice B. VerStandig