# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 2524 41st LLC, | ) | Case No. 23-00188 (ELG) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION FOR ORDER AUTHORIZING
## DISMISSAL OF BANKRUPTCY CASE

2524 41st LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), files this *Motion for Order Authorizing Dismissal of Bankruptcy Case* (the "Motion"), pursuant to sections 105(a), 305(a), 349, and 1112 of Title 11 of the United States Code (the "Bankruptcy Code"), requesting the dismissal of this chapter 11 case on the terms set forth below and, in support thereof, states as follows.

### Summary of Motion

1. By this Motion, the Debtor seeks entry of an order: dismissing the Debtor's chapter 11 bankruptcy case (the "Bankruptcy Case"); distributing the estate's remaining assets according to the priority scheme established by the Bankruptcy Code; allowing Whiteford, Taylor & Preston L.L.P. ("Whiteford"), Debtor's counsel in this case, to apply a $7,500 retainer in its possession (the "Retainer") to its post-petition fees upon the Court's final approval of Whiteford's fees; and preserving certain orders entered in this case as set forth herein.

2. This case was filed on an emergency basis in order to stop the imminent foreclosure of the Debtor's real property by WCP Fund I LLC as servicer for 1Sharpe Opportunity Intermediate Trust ("WCP"). After WCP obtained relief from the automatic stay to

Brent C. Strickland (Bar No. 452880)
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

proceed with the foreclosure, the Debtor, in consultation with its professionals, has determined that remaining in chapter 11 is no longer feasible. The Debtor believes that the dismissal of this case is in the best interest of all parties, including creditors. The Debtor has only *de minimis* assets that can be distributed to creditors.

## Jurisdiction and Venue

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

4. The relief sought in this Motion is based upon sections 105(a), 305(a), 349, and 1112(b)(1) of the Bankruptcy Code.

## The Debtor and the Chapter 11 Case

5. The Debtor is a limited liability company formed under the laws of the State of Delaware. The Debtor's primary asset is the real property and improvements thereon located at 2524 41st Street NW, Washington, DC 20011 (the "Property").

6. On May 16, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. The Debtor commenced this chapter 11 case to stay foreclosure proceedings commenced by WCP and to address its secured debt and the Property in a plan of reorganization that would have contemplated payment in full to creditors through a refinancing of the Property and new loans to provide working capital to fund the completion of construction of the Property.

8. On July 14, 2023, the Delaware Bankruptcy Court entered an *Amended Order Transferring Venue to United States Bankruptcy Court for the District of Columbia* [Docket No. 33], transferring venue of this chapter 11 case to this Court.

9. On August 2, 2023, the Court entered an *Order Granting Motion to Determine Debtor to Be Subject to Provisions of 11 U.S.C. § 362(d)(3)* [Docket No. 46], deeming the Debtor to be a "single asset real estate" entity as that term is defined in § 101(51B) of the Bankruptcy Code.

10. On July 16, 2023, WCP filed a *Motion for Relief from the Automatic Stay as to Property Located at 2524 41st Street, NW, Washington, DC 20007* [Docket No. 36] (the "Motion for Relief from Stay"). On October 2, 2023, the Court entered an Order granting the Motion for Relief from Stay [Docket No. 53].

## Relief Requested

11. The Debtor has concluded that a chapter 11 plan in this case is neither feasible nor in the best interest of creditors given the Debtor's minimal assets and lack of income. Furthermore, the Debtor has determined that a conversion of this case to chapter 7 would not provide any benefit to creditors because the Debtor's remaining assets are *de minimis*. Accordingly, the Debtor seeks the entry of an order providing for (i) the dismissal of the Bankruptcy Case as set forth in this Motion, (ii) the distribution of the Debtor's remaining assets ($500) in accordance with the Bankruptcy Code's statutory priority scheme, (iii) allowing Whiteford to apply the Retainer to its outstanding post-petition fees upon the Court's final approval of Whiteford's fees, and (iv) preserving certain orders entered in this case as set forth herein.

**Argument**

12. Section 305(a) provides that "[t]he Court, after notice and hearing, may dismiss a case under this title . . . at any time if – (1) the interests of the creditors and the debtor would be better served by such dismissal . . . ." 11 U.S.C. § 305(a)(1).

13. Section 1112(b) further states that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." One of the principal factors that courts look to in determining whether a dismissal under section 305(a) is appropriate is whether the dismissal serves a legitimate bankruptcy purpose. *See e.g. In re Euro-Am. Lodging Corp.*, 357 B.R. 700, 729 (Bankr. S.D.N.Y. 2007); *In re Int'l Zinc Coating & Chem. Corp.*, 355 B.R. 76, 87 (Bankr. N.D. Ill. 2006). Dismissal is appropriate here because it is in the best interests of both the Debtor and its creditors, which is the express statutory goal of section 305(a). *See, e.g., In re Globo Comunucacoes e Participacoes S.A.*, 317 B.R. 235, 255 (S.D.N.Y. 2004) (holding that dismissal under section 305(a) "is appropriate under that provision . . . where the court finds that both the creditors and the debtor would be better served by a dismissal").

14. As set forth above, an order has been entered granting WCP relief from the automatic stay to proceed with a foreclosure on the Property. Further, the Debtor has no operating income and the Debtor's remaining assets have minimal value. With respect to the Debtor's physical assets, the Debtor has $500 in its bank account. Additionally, on the Petition Date, Whiteford held $7,500 in funds, representing the unused portion of a retainer paid to Whiteford for pre-petition restructuring advice and the preparation of the Debtor's chapter 11 petition. The Debtor and Whiteford intended this amount to be a post-petition retainer securing

services rendered and expenses incurred by Whiteford during this chapter 11 case. The Retainer remains in Whiteford's client trust account pending the entry of an order approving this Application and an order approving Whiteford's fee on a final basis.

15.     In sum, the Debtor's lack of cash flow and minimal assets make both a chapter 11 plan and a chapter 7 liquidation unfeasible. Any chapter 11 plan would be facially unconfirmable because the Debtor is unable to pay its administrative claims on the effective date of the plan as required by section 1129(a)(9)(A). Similarly, a chapter 7 case also would be administratively insolvent, and general unsecured creditors would not receive payment of any kind.

16.     Under these circumstances, the Debtor believes that dismissal is the most efficient and appropriate means of concluding this Bankruptcy Case. The proposed dismissal does not negatively impact the Debtor's creditors, which do not stand to receive a distribution under either a chapter 11 plan or through a chapter 7 liquidation. Given the Debtor's lack of income and *de minimis* assets, this result is in the best interest of both the Debtor and its creditors.

## Distribution of Remaining Assets

17.     As noted above, the Debtor has $500 in its bank account. By this Motion, the Debtor requests authority to pay that amount to its allowed priority claimants, pro rata. The Debtor also requests authority for Whiteford to apply the Retainer to its post-petition fees, which far exceed the amount of the Retainer, upon the Court's final approval of Whiteford's fees.

## Preservation of Orders of the Court

18.     The default provisions of section 349(b)(2) operate to void the effect of certain orders and judgments entered by the Court during the bankruptcy case unless the Court orders otherwise. *See* 11 U.S.C. § 349(b)(2) ("Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title . . . vacates any order, judgment, or transfer

ordered, under sections 522(i)(1), 542, 550, or 553 of this title"). The Debtor requests that the Court use its authority granted pursuant to section 349 of the Bankruptcy Code to order that, notwithstanding anything to the contrary contained therein, (1) all orders allowing and authorizing the employment and compensation of professionals, (2) the order granting WCP relief from the automatic stay, (3) the order deeming this case to be a single asset real estate case, and (4) any order granting this Motion, shall remain in effect and binding on all parties following the dismissal of this case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (1) granting the Motion; (2) authorizing the dismissal of the Debtor's case as set forth herein; (3) preserving certain orders entered in this case as set forth herein; (4) distributing the estate's remaining assets according to the priority scheme established by the Bankruptcy Code; (5) allowing Whiteford to apply the Retainer to its post-petition fees upon the Court's final approval of Whiteford's fee; and (6) granting such other and further relief as the Court deems necessary and proper.

Dated: November 1, 2023

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON L.L.P.**

*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

Stephen B. Gerald (Bar No. DE0004)
600 N. King Street, Suite 300
Wilmington, Delaware 19801
Phone: (302) 357-3282
Facsimile: (410) 223-4178
Email: sgerald@whitefordlaw.com

*Counsel to the Debtor and Debtor-in- Possession*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 1, 2023, I caused a copy of the foregoing Motion to Dismiss to be served via the Court's Electronic Case Filing System on all parties requesting notice thereby, and by first-class mail on the parties on the attached service list.

                                                */s/ Brent C. Strickland*
                                                Brent C. Strickland