**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| 2524 41st LLC, | ) | Case No. 23-00188 (ELG) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### *AMENDED* FIRST AND FINAL APPLICATION OF WHITEFORD, TAYLOR & PRESTON L.L.P. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Whiteford, Taylor & Preston L.L.P. ("Whiteford"), counsel to 2524 41st LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), files this ***Amended*** *First and Final Application of Whiteford, Taylor & Preston L.L.P. for Allowance of Compensation and Reimbursement of Expenses* (the "Application") for the period of May 16, 2023 through September 30, 2023 (the "Application Period"), pursuant to sections 327, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules"). Whiteford seeks final allowance of fees in the amount of $49,953.08 and the reimbursement of expenses in the amount of $925.36.

Brent C. Strickland (Bar No. 452880)
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

**Summary of Application**

**Total Compensation Requested**:[1]  $49,953.08
**Total Expenses Requested:** $925.36
**Amounts Previously Requested:**  $0.00
**Amounts Previously Awarded:**  $0.00
**Summary by Attorney:**[2]

| Attorney | Rate Charged | Bar Year | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Brent C. Strickland | $641.75 | 1993 | 28.6 | $18,354.08 |
| Stephen B. Gerald | $573.75 | 2000 | 43.7 | $25,073.07 |
| Christopher Lano | $352.75 | n/a | 18.5 | $6,525.93 |
| **Totals:** | | | **90.8** | **$49,953.08** |

**Jurisdiction**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

**The Debtor and the Chapter 11 Case**

2. The Debtor is a limited liability company formed under the laws of the State of Delaware. The Debtor's primary asset is the real property and improvements thereon located at 2524 41st Street NW, Washington, DC 20011 (the "Property").

3. On May 16, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1]  The total compensation requested is after application of discretionary reductions, which deductions total $10,916.60.
[2]  The summary by attorney includes all reductions of the requested fees made in an exercise of billing discretion.

2

4. The Debtor commenced this chapter 11 case to stay foreclosure proceedings commenced by WCP and to address its secured debt and the Property in a plan of reorganization that would have contemplated payment in full to creditors through a refinancing of the Property and new loans to provide working capital to fund the completion of construction of the Property.

5. On July 14, 2023, the Delaware Bankruptcy Court entered an *Amended Order Transferring Venue to United States Bankruptcy Court for the District of Columbia* [Docket No. 33], transferring venue of this chapter 11 case to this Court.

6. On August 2, 2023, the Court entered an *Order Granting Motion to Determine Debtor to Be Subject to Provisions of 11 U.S.C. § 362(d)(3)* [Docket No. 46], deeming the Debtor to be a "single asset real estate" entity as that term is defined in § 101(51B) of the Bankruptcy Code.

7. On July 16, 2023, WCP filed a *Motion for Relief from the Automatic Stay as to Property Located at 2524 41st Street, NW, Washington, DC 20007* [Docket No. 36] (the "Motion for Relief from Stay"). On October 2, 2023, the Court entered an Order granting the Motion for Relief from Stay [Docket No. 53].

**Employment of Whiteford**

8. On May 24, 2023, the Debtor filed the *Debtor's Application for Authority to Employ Whiteford, Taylor & Preston L.L.P. as Attorneys for the Debtor and Debtor-in-Possession Nunc Pro Tunc to the Petition Date* [Docket No. 9] (the "Whiteford Application").

9. On June 22, 2023, the Court entered an order (the "Whiteford Employment Order") approving the employment of Whiteford as counsel to the Debtor. *See* Docket No. 24.

**Post-Petition Retainer**

10. On the Petition Date, Whiteford held $5,762 in funds representing the unused portion of a retainer paid to Whiteford for pre-petition restructuring advice and the preparation of the Debtor's chapter 11 petition. The Debtor and Whiteford intended this amount to be a post-petition retainer securing services rendered and expenses incurred by Whiteford during this chapter 11 case (the "Retainer"). The Retainer remains in Whiteford's client trust account pending the entry of an order approving this Application.

**Summary of Fee Application**

11. During the Application Period, Whiteford has tracked and allocated its fees to account for time spent on various matters.

12. Whiteford's total fees requested in this Application (after reductions taken in the exercise of Whiteford's billing discretion) are $49,953.08. A chart identifying each category of services provided by Whiteford during the Application Period is set forth below:

| Matter Number | Description | Fee Amount |
|---|---|---|
| 1 | General Case Administration | $9,166.92 |
| 2 | Schedules/Operating Reports/341 | $7,443.96 |
| 3 | Lift Stay Motions/Contested Matters | $29,251.12 |
| 4 | Professionals | $4,091.08 |
| | **Total:** | **$49,953.08** |

**Services Provided During the Application Period**

13. Whiteford has categorized its time by project billing categories. Those project billing categories applicable to Whiteford's representation of the Debtor are set forth below. Itemized, daily time records for each project billing category are set forth on **Exhibit A** hereto.

A. **Matter 1 – General Case Administration**

**Amount**: $9,166.92

4

**Description**: Services in this category during the Application Period include the review and necessary action regarding pleadings filed on the docket, communications with parties-in-interest in the case, and communications with the Debtor regarding case strategy and administrative matters.

B. **Matter 2 – Schedules/Operating Reports/341**

**Amount**: $7,443.96

**Description**: Services in this category during the Application Period include Whiteford's preparation of the Debtor for and attendance at the initial debtor interview with the Office of the United States Trustee and the Section 341 meeting and the response to follow-up requests for documents and information. Services in this category during the Application Period also included assisting the Debtor in gathering the necessary information to prepare monthly operating reports, reviewing and filing monthly operating reports, and communicating with the Office of the United States Trustee regarding financial issues. In addition, during the Application Period, Whiteford worked with the Debtor to complete the Debtor's schedules, the statement of financial affairs, and other filing requirements.

C. **Matter 3 – Lift Stay Motions/Contested Matters**

**Amount**: $29,251.12

**Description**: Services in this category during the Application Period include assisting the Debtor with respect to WCP's motion to transfer venue as well as its motion to have the Debtor deemed a "single asset real estate" entity. To that end, Whiteford assisted the Debtor in analyzing the legal and factual issues, preparing objections to WCP's motions, and appearing on behalf of the Debtor at the hearing thereon.

In addition, during the Application Period, Whiteford also assisted the Debtor with respect to WCP's Motion for Relief from Stay. To that end, Whiteford assisted the Debtor in analyzing the legal and factual issues, preparing an objection to WCP's motion, and appearing on behalf of the Debtor at the hearing thereon.

### D.  Matter 4 – Professionals

**Amount:** $4,091.08

**Description:**  Services in this category during the Application Period include preparing, filing, and prosecuting the application to employ Whiteford in the Debtor's bankruptcy case and attending hearings and conferences in connection with the foregoing matters.

14. Whiteford's total out-of-pocket expenses incurred during the Application Period are $925.36. A detailed list of the expenses incurred and charged as part of this Application is attached hereto as **Exhibit B**.

### Lodestar Analysis

15. Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate counsel for all actual, necessary services rendered by such attorneys and paraprofessionals employed by them based on the nature, extent, and value of the services rendered, the time spent on such services, and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

16. Courts frequently look to the "lodestar" formula in assessing attorney's fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the attorneys' and paraprofessionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the attorneys and paraprofessionals. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

17. Bankruptcy courts often consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Ltd.*, 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The United States Court of Appeals for the District of Columbia Circuit adopted the *Johnson* test in *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 187 (D.C. Cir. 1974). In *Copeland v. Marshall*, 641 F.2d 880, 881 (D.C. Cir. 1980), the United States Court of Appeals for the District of Columbia reiterated the "lodestar" approach set forth in *Johnson* when determining the reasonableness of fees, which it has endorsed for use in bankruptcy cases. *In re AOV Industries, Inc.*, 797 F.2d 1004, 1007 (D.C. Cir. 1986); *see also Stewart v. Capital City Mortgage Corp. (In re Stewart)*, 2004 Bankr. LEXIS 2185, *45-6 (Nov. 10, 2004 Bankr. D. D.C.). The following are the *Johnson* factors:

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill required to properly perform the legal services;

(d) the preclusion of other employment by the attorney due to acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

18. Whiteford submits the following lodestar and *Johnson* factor analysis in support of its request for allowance of fees and disbursements:

    a. **The time and labor required.** As the time records submitted with this Application illustrate, Whiteford has expended notable time assisting the Debtor in addressing relevant issues that have arisen during this chapter 11 case.

    b. **Novelty and difficulty of the questions involved and skill applied.** This chapter 11 case involved whether the Debtor is a "single asset real estate" entity and defending against WCP's Motion for Relief from Stay. Whiteford performed necessary legal research and advised the Debtor with respect to each of the aforementioned, as well as other matters.

    c. **The preclusion of other employment by the firm due to acceptance of this case.** Whiteford has devoted valuable resources to its representation of the Debtor in this chapter 11 case. Whiteford was required to devote time and effort to adequately represent the Debtor. Due to the issues presented by this case, Whiteford was diverted from other matters in which it was, or might have been, involved in order to devote itself to the competent representation of the Debtor in this case.

    d. **The customary fee for similar work**. Whiteford submits that the fees sought herein are warranted and are generally less than or equal to competitive fees in the District of Columbia/Northern Virginia legal market for firms with comparable practices given the nature of these proceedings. *See Acadia Invs. v. UBS Real Estate Opportunity Fund, III, LLC (In re Acadia Invs.)*, 2014 Bankr. LEXIS 2883 (Bankr. E.D. Va. July 3, 2014); *In re Nat'l Heritage Found., Inc.*, 2013 Bankr. LEXIS 2516 (Bankr. E.D. Va. June 20, 2013); aff'd,

8

*Behrmann v. Nat'l Heritage Found., Inc. (In re Nat'l Heritage Found., Inc.)*, 510 B.R. 526, 541 (E.D. Va. 2014).

      e.    **<u>Whether the fee is fixed or contingent.</u>** Pursuant to the Bankruptcy Code, all fees sought by Whiteford are subject to final approval of this Court. The fees of Whiteford are based on hourly rates and not contingent on the outcome of any particular event.

      f.    **<u>Time limitations imposed by the client or circumstances.</u>** The exigencies of the case required that Whiteford provide services on behalf of the Debtor on an expedited basis. The case was filed on short notice in order to stop the impending foreclosure from proceeding.

      g.    **<u>The amounts involved and the results obtained.</u>** The fees requested by Whiteford are reasonable given the work required in this case, the issues that have arisen, and the results obtained.

      h.    **<u>Experience, reputation, and ability of attorneys</u>**. The principal Whiteford attorneys on this case have previously represented debtors, creditors' committees, secured creditors, and unsecured creditors in all aspects of bankruptcy and commercial litigation proceedings and have represented debtors and creditors in numerous chapter 11 cases.

      i.    **<u>The "undesirability" of the case.</u>** Although this case should not be considered "undesirable," it has presented challenges for Whiteford. Whiteford has met these challenges and resolved the chapter 11 case in a timely manner.

      j.    **<u>The nature and length of the firm's professional relationship with the client.</u>** Whiteford has only represented the Debtor in connection with the preparation for, filing of, and prosecution of this chapter 11 case.

  **k.**   **Awards in similar cases**. Whiteford submits that its request for compensation is well within the usual and customary awards granted in similar cases.

## Billing Discretion

19.   In an exercise of billing discretion, Whiteford has not charged for certain internal conferences, duplicative or vague time entries, non-working travel, and other charges that it believes may not be properly compensable by the bankruptcy estate. These discretionary reductions do not appear in the billing records attached as **Exhibit A**.

## Disbursements

20.   Whiteford had $925.36 in reimbursable expenses during the Application Period. A summary of reimbursable expenses incurred is included as **Exhibit B**. All expenses have been billed at the actual cost to Whiteford. The chart below summarizes the total disbursements by category:

|    | **Disbursement Category** | **Cost** |
|----|---------------------------|----------|
| 1. | Federal Express           | $335.23  |
| 2. | Photocopies               | $285.82  |
| 3. | Courier expense           | $25.00   |
| 4. | Postage                   | $4.86    |
| 6. | Transcripts               | $224.75  |
| 7. | Parking                   | $10.00   |
| 8. | Pacer Service             | $39.70   |
|    | **TOTAL**                 | **$925.36** |

21.   Whiteford believes that the services rendered to the Debtor and the out-of-pocket expenses incurred in connection with this case were necessary and reasonable in view of the nature of the Debtor's interests in this case and the matters in which Whiteford was involved.

**Service of Application Upon the Debtor**

22. A copy of this Application and all attachments were sent to James Smith, the Debtor's Managing Member, on October 30, 2023. Mr. Smith has authorized Whiteford to file this Application.

**WHEREFORE**, Whiteford, Taylor & Preston L.L.P. respectfully requests that this Court enter an Order:

(a) allowing on a final basis and awarding fees incurred during the Application Period in the amount of $49,953.08;

(b) allowing on a final basis and awarding expenses incurred during the Application Period in the amount of $925.36;

(c) authorizing the Debtor to pay to Whiteford the amount of $50,878.44, which represents the sum of the foregoing amounts;

(d) granting such other and further relief which is just and equitable.

Dated: November 9, 2023      Respectfully submitted,

              **WHITEFORD, TAYLOR & PRESTON L.L.P.**

              */s/ Brent C. Strickland*
              Brent C. Strickland (Bar No. 452880)
              111 Rockville Pike, Suite 800
              Rockville, Maryland 20850
              Phone: (410) 347-9402
              Facsimile: (410) 223-4302
              Email: bstrickland@whitefordlaw.com

              Stephen B. Gerald (Bar No. DE0004)
              600 N. King Street, Suite 300
              Wilmington, Delaware 19801
              Phone: (302) 357-3282
              Facsimile: (410) 223-4178
              Email: sgerald@whitefordlaw.com

              *Counsel to the Debtor and Debtor-in- Possession*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 9, 2023, I caused a copy of the foregoing Application to be served via the Court's Electronic Case Filing System on all parties requesting notice thereby, and by first-class mail on the following parties:

Office of the US Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

2524 41st LLC
44050 Ashburn Shopping Plz
Suite 195-637
Ashburn, VA 20147

                                                 */s/ Brent C. Strickland*
                                                 Brent C. Strickland